## CURTIS v. HUMPHREY.

(Circuit Court, N. D. Illinois, E. D. February 15, 1908.)

### No. 28,210.

PATENTS—INFRINGEMENT—AUTOMATIC EGG BOILER.

The Curtis patent, No. 557,192, for an automatic egg boiler, construed and *held* not infringed.

In Equity. On final hearing.

Paul Synnestvedt, for complainant.

Higdon & Longan, for defendant.

KOHLSAAT, Circuit Judge. Complainant seeks to enjoin infringement of claims 1 and 4 of patent No. 557,192, granted to him on March 31, 1896, for an improvement in automatic egg boilers, which read as follows, viz.:

"1. In an apparatus for regulating chronometrically the treatment of substances, the combination of an attachment or holder for an object to be moved or withdrawn; a moving or withdrawing device; a chronometrically-operated detent; and means for engaging the detent with the withdrawing device during a given period of its movement and releasing the same at the termination of such period—substantially as set forth."

"4. The combination of a cord or chain suspending at one end a substance to be treated, and at the other connected to a normally active retracting device, with a shaft in chronometric rotation, and means for engaging the cord or chain with the shaft during any desired number of increments of the shaft rotation and releasing it when said increments are completed, substantially as set forth."

The language of the claims is inaccurate, so much so that the meaning of the reference to the means for securing chronometric movement enters largely into the discussion of the case. Claim 1, it will be seen, calls for a "chronometrically-operated detent"; and claim 4 includes "a shaft in chronometric rotation." In both instances reference is had to the means whereby the desired time for treatment of the object in hand is secured. Strictly speaking, there is no detent. Complainant's clock is an independent device, having its own spring, its own escapement, and the other elements of a common clock. The shaft, said to be in chronometric rotation, is impelled or rotated by weights. For the purpose of regulating the rotation of the shaft, it is connected by a somewhat intricate device with the movement or works of the clock. A cog upon the shaft meshes with the cog upon the post, which brings the two movements—i. e., that of the clock and that of the weight-operated shaft—into combination. The result is a checking or slowing up of the shaft rotation. The clock throws the braking element into action, but not until the speed of the shaft rotation calls its services into play. By an ingenious adaptation of the clock movement to the shaft movement, the latter is then permitted to proceed chronometrically; that is, in a measured speed as to time. This shaft carries upon it as many cogs or pinions as desired—i. e., one for each egg-boiling outfit—which cogs severally mesh with the teeth or ribs upon its respective weighted rack-bar forming a part of the suspending chain. The measured rotation of the shaft permits each ratchet to descend with even steps until its teeth have all passed below its respective cog, when, being then unrestrained, the weight drops and lifts the cooking bucket, located back of a pulley at the other end of the chain, out of the water. The time consumed by the rack-bar in passing by the cog is determined by the length of that portion of the rack-bar extending above the cog or pinion; that is, if the top of the rack-bar or ratchet is only one notch above the shaft pinion, it will be freed in half the time it would take to free it if it were two notches above the pinion, and so on. Three or four, or even more, cooking buckets may be operated from the same shaft; each varying in time from the others. The combination checking device of the shaft and clock automatically adjusts itself with reference to the variation caused by increasing or decreasing the number of weights. The time required in each case to withdraw the bucket from the water is under the control of the operator by manually adjusting the ratchet or rack-bar directly, or by employing a graduated device provided for that purpose.

Defendant's device employs no independent clock movement. It does include gears and escapement similar to clock works. These are operated directly by the weights. The chronometric movement of the rack-bar is secured by means of the escapement which gives a measured action to the gear, which in turn controls the speed of the cog or pinion, which engages with a rack-bar in practically the same way as in the patent in suit. Each gear movement has its separate cooking outfit. There is no allowance made for variation in the weights. The time desired for treating the article to be dealt with

is regulated much as in complainant's device. Thus it will be seen it lacks (1) the independent clock movement of complainant and (2) the elaborate automatic brake appliance thereof, and in their place has (1) the weight-actuated clock-like gear and (2) the escapement-regulated cog or pinion and rack-bar; so that the difference, if any, between the two, rests in their several means for chronometric rotation of their rack-bar engaging cog or pinion.

If complainant were a pioneer in the application of clock-like gear to devices for securing chronometric regulation of withdrawing apparatus, there might be some justification for its claim of equivalency. Such, however, is not the case. It is distinctly shown in the O'Brien patent, No. 284,051, granted August 28, 1883, for an automatic egg boiler. It is there used in a chronometrical charge of a detent in combination with a spring instead of a weight. It is also seen in the Weissenborn patent, No. 125,362, granted April 12, 1872, for a machine for varnishing or coloring lead pencils and other articles. This patent employs a device much like that of defendant; i. e., a weight-operated gear. Indeed, such movements are common in the prior art. Undoubtedly, complainant must be limited to the particular design of its patent. The absence, in defendant's apparatus, of a device corresponding to the brake shown and described in the Curtis patent, and the dissimilarity of the remaining elements, clearly differentiate it from complainant's device. Thus construed, defendant does not infringe.

The bill is therefore dismissed for want of equity.